UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT D. LURCH JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK, LT. CAVINESS,
P.O. KENYON SMITH,

Defendants.

26-CV-1415 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. §1983, alleging he was denied access

to courts because of fabricated evidence in his lawsuit filed in the Eastern District of New York,

*Lurch v. Menendez*, No. 19-CV-6011 (DG) (TAM), 2025 WL 2922543 (E.D.N.Y.) ("*Menendez*"),

which arose from an August 2019 incident at a bodega in Brooklyn, New York. Named as

Defendants are the City of New York, Lieutenant Caviness, and Police Officer Kenyon Smith.

For the following reasons, this action is transferred to the United States District Court for the

Eastern District of New York.

**BACKGROUND**

In *Menendez*, Plaintiff sued several officers of the New York City Police Department

("NYPD"), alleging those officers used excessive force and failed to intervene. (ECF No. 1 at 6.)

Plaintiff alleges Defendant Lt. Caviness, who was not a party in *Menendez*, gave false testimony

that Plaintiff asserts was "directly contradicted by the surveillance video." (*Id.*) Plaintiff also

alleges that the *Menendez* court "credited Lt. Caviness's false testimony, which led to the

dismissal of Plaintiff's constitutional claims." He asserts that his "access to courts was unfairly

obstructed" because of this false testimony. (*Id.* at 7.) Plaintiff alleges that Defendant Officer

Smith "claimed that he suffered a stroke and could not recall events, implying that any

inconsistencies in his testimony were due to memory loss." (*Id.* at 8.) Plaintiff alleges Defendant City of New York ("City") "ratified and adopted Lt. Caviness's fabricated narrative by continuing to rely upon it in litigation" and "failed to discipline Lt. Caviness, correct the record, or implement policies preventing reliance on fabricated evidence." (*Id.* at 9.) Plaintiff alleges that the *Menendez* court "explicitly credited Lt. Caviness's version of events" and "rejected Plaintiff's version" when that court granted summary judgment. (*Id.* at 5.)

On August 1, 2025, the Honorable Taryn A. Merkel recommended granting the defendants' motion for summary judgment. *Lurch v. Menendez*, No. 19-CV-6011 (DG) (TAM), 2025 WL 2922543 (E.D.N.Y. Aug. 1, 2025) (analyzing surveillance footage, body worn camera footage, and deposition testimonies). On August 25, 2025, the *Menendez* court adopted that recommendation and granted the defendants' motion for summary judgment. *Menendez*, No. 19-CV-6011 (DG) (TAM) (E.D.N.Y. Aug. 25, 2025).

On December 8, 2025, and on February 12, 2026, Plaintiff moved to reopen *Menendez*; the *Menendez* court denied both motions on February 6, 2026 and March 24, 2026.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights while *Menendez* was being litigated in the Eastern District of New York. He does not plead the residence of any of the defendants. The events underlying *Menendez*, however, occurred at 1961 Fulton Street, Brooklyn, New York 11223, *see Menendez*, 2025 WL 2922543, at *3, which is in Kings County, and falls within the Eastern District of New York. *See* 28 U.S.C. § 112. Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Eastern District of New York. Even if the Court were to assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Brooklyn, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, and it is reasonable to expect that all relevant documents and witnesses also would be in Brooklyn—indeed, discovery was completed in *Menendez*. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 22, 2026
         New York, New York

                                     /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge

4